**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DWIGHT STATEN,<br><br>                  Petitioner,<br><br>      v.<br><br>KINGS COUNTY SUPERIOR COURT,<br><br>                  Respondent. | Case No.: 1:13-cv-02093-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

Petitioner is a state prisoner proceeding pro se with a petition for writ of mandate pursuant to 28 U.S.C. § 1651. Petitioner filed the instant petition on December 24, 2013. (Doc. 1). For the reasons set forth below, Petitioner will be required to submit an amended petition.

### PROCEDURAL HISTORY

A.  <u>Procedural Grounds for Summary Dismissal.</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be

1  dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were
2  such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

      B.   Insufficient Information And Failure To State A Cognizable Habeas Claim.

A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

Here, Petitioner appears to be challenging Respondent's refusal to re-calculate the amount of good-time credits to which Petitioner contends he is entitled.  However, the "claims" in the instant petition are entirely unclear.  Preliminarily, Petitioner does not inform the Court of the date and nature of his criminal conviction, in what court the conviction occurred, or what sentence was imposed.  Nor does Petitioner indicate sufficient background facts to permit the Court to review Petitioner's claims for technical compliance with the exhaustion requirement and timeliness.

Even more glaringly, the body of the petition repeatedly refers to the "petitioner" as an individual named Abasi Patton, and the facts included in the petition all appear to refer to this individual.  It does not appear from this fact that any of the allegations in the instant petition actually refer to, or are relevant to, Petitioner himself.

Also, Petitioner appears to be relying on a federal court order dated June 20, 2013 as a basis for his contention that he is entitled to an adjustment in his credit-earning capacity.  (E.g., Doc. 1, p. 14).  The petition repeatedly refers the reader to "Exhibit D" when referencing this federal court order.  However, there is no Exhibit D attached to the petition.  Without this court order, the Court is unable to comprehend the nature of Petitioner's argument or the legal basis therefore.

Additionally, the petition is captioned for the "Superior Court of California, Kings County." While incorrectly captioned pro se petitions are not unheard of, due to the utter lack of specific facts relating to Petitioner Staten in the body of the petition, the Court cannot conclude with any certainty that Petitioner actually intends to invoke the jurisdiction of this Federal Court, as opposed to some other court, state or federal, in which Petitioner may have actions pending.

In sum, Petitioner has submitted a petition that fails to comply with the requirements of Rule 2(c). Indeed, the Court cannot discern any claims for relief from the information provided nor what kind of relief Petitioner might be seeking. It is Petitioner's responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to raise and whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated. Petitioner has failed to meet these minimal pleading requirements. Accordingly, Petitioner may file a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed. In order to assist Petitioner, the Court will direct the Clerk to send Petitioner a form habeas petition. Petitioner is urged to use this form in preparing his amended petition since the form petition has been designed to facilitate the inclusion of all relevant screening information that the Court requires in order to permit the litigation to proceed.

C.   Exhaustion of Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme

Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

Here, Petitioner has not alleged that he has presented all of his claims to the California Supreme Court, nor has he provided any information regarding when he might have presented those claims, or when the California Supreme Court denied them, nor has he provided copies of the orders denying his claims in the California Supreme Court. Without this information, the Court cannot proceed. In his amended petition, Petitioner must provide the specific information regarding what claims he has raised in the California Supreme Court, when those claims were denied, and provide copies of the state high court's orders denying those claims.

D. Statute of Limitations.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on December 24, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, as mentioned above, Petitioner has provided no information whatsoever the chronology of administrative and/or state court appeals that have preceded this petition. Without that information, including the date or dates of the relevant rulings, the Court cannot perform its mandated screening function to determine whether the instant petition is timely under the AEDPA.

E.   Failure to Name A Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21

1  F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or
2  parole officer and the official in charge of the parole or probation agency or state correctional agency.
3  Id.
4    Here, Petitioner has named as Respondent the Kings County Superior Court.   However, the
5  Kings County Superior Court is not the warden or chief officer of the institution where Petitioner is
6  confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is presently confined
7  at the California State Prison, Corcoran, California.  The current director or warden of that facility,
8  Connie Gipson, is the person Petitioner should name as Respondent.
9    Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
10  lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326
11  (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).
12  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to
13  name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026,
14  1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
15  (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394
16  F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner must name a proper respondent.
17    F.  Lack Of Signature.
18    Petitioner did not date and sign the petition under penalty of perjury on page 6, as required.
19  Local Rule 131 requires a document submitted to the Court for filing to include an original signature.
20  In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas
21  corpus to "be signed under penalty of perjury by the petitioner."  In any amended petition, Petitioner
22  must sign the document under penalty of perjury.
23    For all of the foregoing reasons, the instant petition in deficient and cannot proceed.  Petitioner
24  will be required to file an amended petition containing sufficient information for the Court to allow the
25  case to proceed.
26    Accordingly, it is HEREBY ORDERED that:
27    1.  The instant petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is
28      GRANTED 30 days from the date of service of this Order to file a FIRST AMENDED

PETITION that is in compliance with this Order.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **January 8, 2014**              /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE