UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT STATEN,<br><br>        Petitioner,<br><br>    v.<br><br>KINGS COUNTY SUPERIOR COURT,<br><br>        Respondent. | ) Case No.: 1:13-cv-02093-JLT<br>)<br>) ORDER TO DISMISS PETITION FOR FAILURE<br>) TO PROSECUTE<br>)<br>) ORDER DIRECTING CLERK OF COURT TO<br>) ENTER JUDGMENT AND CLOSE FILE<br>)<br>) ORDER DECLINING TO ISSUE CERTIFICATE<br>) OF APPEALABILITY |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 3, 2014, Petitioner filed his written consent to the jurisdiction of the U.S. Magistrate for all purposes. (Doc. 7).

**PROCEDURAL HISTORY**

On December 24, 2013, Petitioner filed the instant habeas petition. (Doc. 1). On January 8, 2014, the Court issued an order requiring Petitioner to amend his petition within thirty days of the date of service of the order to amend. (Doc. 4). In that Order, the Court noted the following deficiencies in the petition: (1) insufficient information and failure to state cognizable federal habeas claims; (2) lack of exhaustion; (3) failure to name the proper Respondent, thus depriving the Court of jurisdiction; and, (4) failure to sign the petition. (Doc. 4). On February 19, 2014, Petitioner requested a thirty-day extension within which to file his amended petition. (Doc. 6). On March 25, 2014, the Court granted that motion. (Doc. 8). The first amended petition was therefore due on April 25, 2014. To date, more

than five months have elapsed since the expiration of the extension period.  During that time, the Court has had no correspondence whatsoever with Petitioner.  Accordingly, the Court will dismiss the petition for lack of prosecution.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  District Courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate … dismissal of a case.  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988) (dismissal for failure to comply with a local rule); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson, 779 F.2d at 1423; Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-1261; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-1424.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since December 24, 2013.  The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --

public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order dated January 8, 2014, expressly stated: "Petitioner is forewarned that his failure to comply with this Order may in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110."  (Doc. 4, p. 7).  Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

    Moreover, the Court declines to issue a certificate of appealability.  Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

    If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. §

2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED;
2. The Clerk of the Court is DIRECTED to enter judgment against Petitioner and close the case;
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 30, 2014**          **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE